<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN G. HUDAK and JERRY JUDKA,<br><br>    Defendants. | No. 24cv03719 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Calvin Thompson seeks to bring this action *in forma pauperis* ("IFP") against Defendants Judge John G. Hudak ("Judge Hudak") and Jerry Judka ("Judka"). D.E. 1-2. Though the exact allegations are not readily ascertainable, the Court discerns that Plaintiff asserts against Defendants (1) violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) conspiracy to deprive him of his constitutional rights under 42 U.S.C. § 1985; and (3) various other purported violations of law, including "elder abuse," "abuse of process," and "intentional cover-up." D.E. 1 ("Complaint" or "Compl."). Plaintiff's claims arise from Judka's alleged improper withholding of tenant security deposits and, as best the Court can understand, Judge Hudak's alleged conspiracy with Judka to file an eviction claim against Plaintiff in state court. *See* Compl. at 4.

For the reasons below, the Court will **GRANT** Plaintiff's IFP application (D.E. 1-2) and **DISMISS** *without prejudice* his Complaint (D.E. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)[1].

---

[1] As the Court is dismissing Plaintiff's Complaint in its entirety, Plaintiff's requests for *pro bono* counsel and attorney's fees are rendered moot.

I.     ANALYSIS

    A. *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP application. *See* D.E. 1-2.

However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[2] 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

    B. **Plaintiff's Section 1983 Claim Fails to State a Claim**

Plaintiff broadly alleges that Defendants denied him of due process and equal protection by filing a false claim in state court. Compl. at 4. First, Judge Hudak has "absolute immunity from suit" for his judicial acts. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").

in excess of his authority, but rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judges are "not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff's only allegations relate to Judge Hudak's judicial functions. *See* Compl. at 4. Plaintiff has not averred any facts that would show that Judge Hudak acted in "clear absence" of all jurisdiction. Accordingly, Plaintiff fails to state a Section 1983 claim against Judge Hudak.

Plaintiff's complaint fares no better against Judka. "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a *state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Plaintiff has only alleged that Judka is a "[c]riminal [l]andlord." Compl. at 4. There is no indication of any "close nexus" between any state action and Judka. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (cleaned up).

### C. Plaintiff's Section 1985 Claim Fails to State a Claim

Plaintiff alleges that Judge Hudak "[c]onspired" and "plotted" with Judka. Compl. at 4. He does not specify which subsection of Section 1985 he is invoking, though contextually, it appears to be subsection (3), "Depriving persons of rights or privileges." 42 U.S.C. § 1985(3). Plaintiffs must allege the following elements of a Section 1985(3) claim: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (cleaned up). "Claims under this section, based on equal protection, must

3

allege that 'racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions.'" *Hutchinson v. Bergen Cty. Sheriff's Office*, No. 22-993, 2022 WL 1639153, at *5 (D.N.J. May 24, 2022) (quoting *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006)). Plaintiff has made only broad, conclusory allegations of an overarching conspiracy, but has failed to detail the conspiracy or identify any (non-conclusory) discriminatory basis behind it. Compl. at 4; *see also* D.E. 1-5 at 15. At most, Plaintiff alleges there was an agreement to "switch judges to a judge that is willing to [break] the [law]," but does not state who that agreement was with and for what specific purpose. D.E. 1-5 at 16. Accordingly, Plaintiff fails to state a Section 1985 claim against either Defendant.

### D. Plaintiff Fails to State Any Remaining Claims

Moreover, as to Plaintiff's further-listed claims[3], it is unclear what violations Plaintiff claims and which Defendants committed the specific violations. *See, e.g.*, *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) (dismissing claims for impermissible group pleading). Further, the Complaint lacks any facts, and in some cases, legal basis, to establish any of these claims.[4] Plaintiff annexes a 28 page "certification" with further indecipherable allegations,[5] many of which point to general grievances with housing disputes in Union County Superior Court. *See* D.E. 1-5. Plaintiff alleges an eviction action was initiated

---

[3] To the extent Plaintiff alleges violations of state law, such as those pertaining to security deposits, *see* D.E. 1-5 at 21-22, this Court need not exercise supplemental jurisdiction as it is dismissing all federal claims affording it jurisdiction. *See Edwards v. Hillman*, 849 F. App'x 23, 26 (3d Cir. 2021); 28 U.S.C. § 1367(c)(3).

[4] For example, Plaintiff's reference to 18 U.S.C. § 242, a federal criminal statute, "is futile since federal criminal statutes do not provide private causes of action." *Kirkland v. State*, No. 23-1638, 2023 WL 2789546, at *3 (D.N.J. Apr. 5, 2023). Plaintiff also lists "BIAS INTIMIDATION & UNLAWFUL WEAPONIZATION OF THE LEGAL SYSTEM" but does not specify what that cause of action is or any facts in support. Compl. at 3.

[5] Plaintiff seemingly accuses the entire legal system of Union County of murder and treason. D.E. 1-5 at 7-8.

against him on August 21, 2023 and requests that the federal judiciary "bring[] about real change"[6] in local housing and landlord reform.  *Id.* at 2, 12.  As the above-discussed claims are currently pleaded, they are done so insufficiently and must be dismissed.

Lastly, as Plaintiff has not previously been granted an opportunity to amend, all dismissals will be without prejudice.  *See* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

## II.  CONCLUSION

For the reasons stated herein, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-2, and **DISMISS** *without prejudice* Plaintiff's Complaint, D.E. 1.  An appropriate Order accompanies this Opinion.  Plaintiff will have 30 days from the entry of the accompanying Order to file an amended complaint.

Dated: April 18, 2024

_____
Evelyn Padin, U.S.D.J.

---

[6] *Burford* abstention—granting federal courts discretion to refrain from exercising authority over state policy questions pertaining to natural resource regulation—is an imperfect fit here.  *See Grode v. Mut. Fire, Marine and Inland Ins. Co.*, 8 F.3d 953, 956 (3d Cir. 1993).  However, the Court notes that Plaintiff's disputes appear more appropriate for state court adjudication.