**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CALVIN THOMPSON,

      Plaintiff,

  v.

JOHN G. HUDAK and JERRY JUDKA,

      Defendants.

No. 24cv3719 (EP) (JRA)

**OPINION & ORDER**

**PADIN, District Judge.**

After the Court dismissed his original Complaint, *pro se* Plaintiff Calvin Thompson moves for recusal.[1] which. D.E. 8 ("Motion" or "Mot."). The Court has reviewed the Plaintiff's submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons below, the Court will **DENY** Plaintiff's motion. The Court will again afford Plaintiff the opportunity to cure pleading deficiencies and file a Second Amended Complaint within 30 days of this Opinion and Order.

## I.    BACKGROUND

The Court permitted Plaintiff to proceed *in forma pauperis* ("IFP") against Defendants Judge John G. Hudak ("Judge Hudak") and Jerry Judka ("Judka"). D.E. 6. Under 28 U.S.C. § 1915(e)(2)(B), courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. Plaintiff alleged that Judka wrongfully "pocket[ed] Tenants Security Deposits" and fraudulently, "[]with the help[] of . . . Judge John G. Hudak" filed

---

[1] The Court also construes this motion as a First Amended Complaint.

a false claim. D.E. 1 at 4 ("Complaint" or "Compl."). Plaintiff listed numerous causes of action and expressed grievances with the landlord-tenant system in Union County, including alleging that the "present legal system here in Union County, New Jersey has been infiltrated by **Enemies of the State**" and that "[i]f this accusation is true than I hereby reassert that they are therefore GUILTY of Lynching, Murder and Treason." D.E. 1-5 at 5 (emphases in original). Based on the Complaint and annexed documents, this Court construed Plaintiff's claims to include purported violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and other violations of law, but dismissed them all for failure to state a claim. D.E. 5 at 1, 3 ("Opinion" or Op."). The Court afforded Plaintiff the opportunity to file an amended complaint within 30 days. *Id.* at 5. This Motion followed.

## II.    LEGAL STANDARDS

A determination regarding recusal lies within the discretion of the trial judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Two federal statutes govern judicial recusal. *See Partyka v. Meza*, No. 11-3316, 2011 WL 2580105, at *1 (D.N.J. June 27, 2011). The first statute, 28 U.S.C. § 455, under which Plaintiff brings this motion, provides in pertinent part that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* at § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (cleaned up). Judges must also disqualify themselves "[w]here [they have] a personal bias or prejudice concerning a party." § 455(b)(1). "A recusal motion must be based on objective facts, not mere possibilities and unsubstantiated allegations." *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (cleaned up).

The second statute, 28 U.S.C. § 144, mandates recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." A "substantial burden is imposed on the party [seeking recusal under § 144] to demonstrate that the judge is not impartial." *Frolow v. Wilson Sporting Goods Co.*, No. 5-4813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (cleaned up). "In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Id.* (citing *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)).

"Under either statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Shaikh v. McMahon*, No. 20-20008, 2023 WL 2433885, at *1 (D.N.J. Mar. 9, 2023) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

## III.    ANALYSIS

Plaintiff expresses disagreement with this Court's ruling, which he calls "improper." Mot. at 1. Plaintiff further states that his "honest OPINION" is that the undersigned is "unqualified to perform legal duties regarding this matter because of a definite conflict of interest and lack of impartiality." *Id.* at 2. Plaintiff further accuses this Court of manipulating information in the

Complaint and using fake legal citations. *Id.* In critiquing this Court's alleged "improper interference disguised as 'screening determination' pursuant to 28 U.S.C. § 1915," Plaintiff takes issue with the judicial outcome. *Id.* at 3. More specifically, he alleges that the tools and remedies of discovery or conferences were "STOLEN and DENIED by (methodically) Dismissing the CASE Abruptly, Unjustly and Prematurely." *Id.* at 8.

Plaintiff adds more serious allegations, including that the Opinion was defamatory. *Id.* at 2. He also contends that by filing the Opinion, the Court illegally falsified records under 18 U.S.C. § 1519. *Id.*

The Court takes seriously accusations of impartiality and bias. The Court does not intend to offend Plaintiff's intelligence or credibility. In fact, the Court afforded Plaintiff an opportunity to amend his Complaint to cure pleading deficiencies. D.E. 6. Rather, the Court is bound by the law and must make judicial determinations in accordance therewith.

While the Court is sympathetic to Plaintiff's frustrations, he presents no objective evidence or information suggesting the Court's impartiality might reasonably be questioned or that there are other personal prejudices or biases that would impugn the Court's ability to objectively rule on his claims in this matter. Plaintiff's disagreements with this Court's interpretation of the law[2] do not

---

[2] For example, Plaintiff disagrees with the Court's ruling regarding the judicial immunity of Judge Hudak, writing that "A Judge does NOT have absolute Immunity if he commits a Crime and Civil Rights Violation as stated in my Complaint." Mot. at 6. Plaintiff also maintains that "NO RACIAL ANIMUS IS NECESSARY IN A 42 1985 CLAIM," *id.* at 8, but precedent indicates that such a showing is required for a claim under 42 U.S.C. § 1985(3), the subsection the Court construed as invoked by Plaintiff. *See* Op. at 4 (citing *Hutchinson v. Bergen Cty. Sheriff's Office*, No. 22-993, 2022 WL 1639153, at *5 (D.N.J. May 24, 2022) (quoting *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006))). Plaintiff cites *Kush v. Rutledge*, 103 S. Ct. 1483 (1983) to dispute this point, Mot. at 8, but that decision addressed an action brought under the first part of 42 U.S.C. § 1985(2) *Id.* at 1484. Plaintiff earlier invokes 42 U.S.C. § 1985, writing "if one or more persons engaged in ANY act whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against

warrant recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.").

Additionally, the Court construes Plaintiff's Motion as a First Amended Complaint. Plaintiff primarily refers back to his original Complaint, but includes a few additional allegations. For example, he contends that "A Judge does NOT have absolute Immunity if he commits a Crime and Civil Rights Violation as stated in my Complaint." Mot. at 6. Plaintiff also asserts that "THE ENTIRE EVENT IS ON COURT VIDEO." *Id.* at 7. For the same reasons as this Court's prior Opinion, Plaintiff fails to state a claim. All claims must be dismissed. However, this Court will afford Plaintiff another opportunity to further amend his Complaint. *See* Fed. R. Civ. P. 15(a).

## IV.   CONCLUSION AND ORDER

For the reasons above, **IT IS**

**ORDERED** that Plaintiff's Motion, D.E. 8, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff has 30 days to cure the noted deficiencies; and it is finally

**ORDERED** that the failure to remedy those deficiencies may result in dismissal *with prejudice*.

Dated:  4/25 , 2024

Evelyn Padin, U.S.D.J.

---

any one or more of the conspirators." Mot. at 7. This language, slightly consolidated, comes from 42 U.S.C. § 1985(3).